**UNITED STATES of America, Plaintiff,**

**v.**

**Juan Plascencia GARCIA, Oscar Louis Leon Campos, Defendants.**

**Cr. No. 7088.**

United States District Court
S. D. California.

Nov. 25, 1969.

Charles Fanning, Deputy U. S. Atty., San Diego, Cal., for plaintiff.

David A. Blume, El Centro, Cal., for defendant Oscar Louis Leon Campos.

## ORDER AND OPINION

RUSSELL E. SMITH, District Judge.

Defendant Oscar Louis Leon Campos was tried by a jury on an indictment charging in count one the crime of conspiring to transport marijuana, 21 U.S.C. § 176a, and in count three the crime of forcibly assaulting, resisting and opposing customs agents Donald Quick and Owen T. Miller, Jr., persons authorized to make searches and seizures, while engaged in the performance of their duties.

Immigration officers had searched a car at a point 80 miles north of the Mexican border and discovered in it a quantity of marijuana. Customs was notified and some time later the driver of the car advised the customs officers that he had been employed by defendant to deliver the marijuana. Several hours later those officers arrested defendant. The evidence warrants the conclusion that during the process of the arrest the defendant resisted arrest knowing that the officers were federal officers.

The evidence unequivocally shows that the customs officers were engaged in arresting the defendant and there is no evidence showing any purpose to search. The contraband involved had already been seized.

In the absence of evidence showing that the officers were searching the Court refused the Government's offered instructions based on § 2231 of Title 18 U.S.C.,[1] which relates solely to federal officers authorized to search, and gave instructions based on § 111 of Title 18 U.S.C., a broader statute which makes criminal the act of resisting a federal officer engaged in the performance of official duty. Defendant's motion for judgment of acquittal poses the variance problem. Rule 52(a) of the Rules of Criminal Procedure provides:

> "(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

---

1. "(a) Whoever forcibly assaults, resists, opposes, prevents, impedes, intimidates, or interferes with any person authorized to serve or execute search warrants or to make searches and seizures while engaged in the performance of his duties with regard thereto or on account of the performance of such duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both;"

In Brulay v. United States, 383 F.2d 345 (9 Cir. 1967), the Court applied the rule by comparing what did happen with what would have happened had the indictment correctly charged the facts proved. If the same technique is applied here, then the variance did not affect the substantial rights of the accused.

The events surrounding the offense were detailed by the witnesses. There could have been no different witnesses whether the crime was charged under 18 U.S.C. § 2231 or 18 U.S.C. § 111, nor would the direct or cross examination of the witnesses have been different. The only difference under the circumstances here between a trial under 18 U.S.C. § 111 and 18 U.S.C. § 2231 would have been in the proof of authority of the federal officers involved, and that of course is a matter of which the Court is required to take judicial notice. Had the indictment been charged under 18 U.S.C. § 111 the trial would have proceeded exactly as it did. The essence of the crime is the resistance and whether the officers were searching or arresting, the facts of resistance were the same. The evidence was sufficient to sustain the verdict and the motion for an acquittal is denied.